## Koppel *vs.* Heinrichs and Wolff.

The general rule, on the subject of jurisdiction, is that it depends upon the state of things at the time the action is brought; and if the circumstances be such, then, as to vest jurisdiction in the court, the same cannot be ousted by any subsequent event.

If there is any exception to this rule, it is when such a change in the parties takes place after the commencement of the suit, as to work an abatement.

The appointment of a person as consul of a foreign power, does not work an abatement of a suit previously commenced against him in a state court.

The privilege conferred upon the consuls of foreign governments, by the constitution and laws of the United States, of being sued in the federal courts only, does not extend so far as to enable a party, after a suit has been commenced against him in a state court of competent jurisdiction, to divest that court of jurisdiction by voluntarily accepting the office of consul of a foreign power.

Jurisdiction of the state courts in suits to which foreign consuls are parties, is excluded only in suits against them.    They are at liberty to bring suits against other persons, in the state courts, if they choose to do so.

A party who brings a writ of error to the supreme court, to reverse the judgment of a court below, occupies the position of one voluntarily bringing his suit in the higher court, for redress.    And by calling upon the supreme court for its decision upon the merits of the cause, he admits its jurisdiction to make such decision; and he is concluded by that admission.

Where, subsequent to the commencement of a suit against a party, in a state court, he accepted the appointment of consul of a foreign power, by virtue of which he became exempted from liability to be prosecuted in the state courts, but he proceeded to trial in the suit, upon the merits, without suggesting his privilege to the court, and afterwards brought a writ of error to the supreme court, to reverse the judgment of the court below; *Held,* that he was estopped from setting up his privilege, in bar of the jurisdiction of the state courts.

This was a motion to set aside an execution issued in this cause to the sheriff of Queens, and all other proceedings subsequent to the issuing thereof.

In May, 1840, a suit was commenced by the plaintiff against the defendants, in the New-York common pleas, by declaration. The defendants appeared by attorney, and on the 30th of September in the same year, issue was joined. Upon the trial there was a verdict for the plaintiff, upon which judgment was perfected on the 2d of May, 1843. On the 5th of the same

Koppel *v.* Heinrichs.

month, the defendants brought their writ of error to the late supreme court; and on the 26th of July, in the same year, that court rendered a judgment of affirmance. A writ of error to the court for the correction of errors was subsequently brought by the defendants, and in December, 1845, that court affirmed the judgment of the supreme court. An execution was thereupon issued out of the supreme court, to the sheriff of Queens, with directions to collect $1273,30, the amount of the judgment in that court, and $710,39 for the damages and costs awarded by the court for the correction of errors. On the 3d of June, 1846, the sheriff sold certain real estate of the defendant Heinrichs, for the amount of the execution, and executed the usual certificate of sale. On the 2d of November, 1840, the defendant Hienrichs was appointed by the duke of Saxe Altenburgh, an independent sovereign in Germany, his consul for the city of New-York. The appointment was duly recognized by the president's proclamation on the 6th of January, 1841. This motion is now made, upon the ground that, after the appointment of the defendant Heinrichs, the proceedings in the state courts were without jurisdiction.

*E. Sandford & George Wood,* for the defendants.

*E. C. Benedict,* for the plaintiff.

HARRIS, J., That the constitution of the United States has conferred upon the federal courts exclusive jurisdiction of suits against foreign consuls is not denied.

But the question now before the court relates to a suit commenced in a state court, before the party claiming exemption as a consul received his appointment, and when the state courts had jurisdiction of the suit, exclusive of the federal courts. That the suit was rightfully commenced in the New-York common pleas, is admitted: and the question now presented for determination is, whether the subsequent appointment of Heinrichs as consul of a foreign government deprived the state court of the jurisdiction which it had thus rightfully acquired;

Koppel *v.* Heinrichs.

or whether, having thus obtained jurisdiction, it was competent for the state court to proceed to consummate its proceedings, notwithstanding the privilege conferred upon the defendant by virtue of his subsequent appointment.   The general rule on the subject of jurisdiction is that it depends on the state of things at the time the action is brought; and if the circumstances be such, then, as to vest jurisdiction, the same cannot be ousted by any subsequent event.   (*Mollan* v. *Torrance,* 9 *Wheat.* 537.) If there can be said to be any exception to this rule, it is when such a change in the parties takes place after the commencement of the suit as to work an abatement.   It was insisted by the counsel who argued this motion for the defendant, that the appointment of the defendant as consul had the effect to abate the suit; that thereby he was withdrawn from the jurisdiction of the state courts.   But I cannot concur in this view of the question; whether the privilege conferred upon consuls by the constitution and law of the United States is to be regarded as a personal privilege, or the privilege of the sovereignty they represent.   I do not think it was ever intended to extend that privilege so far as to enable a party, after a suit commenced against him in a state court of competent jurisdiction, to divest that court of jurisdiction by voluntarily accepting an office which, if held at the time the proceeding was instituted, might have been available as a valid objection to the jurisdiction of the court in which the suit was brought.   No decision holding such a principle was referred to on the argument, nor do I feel called upon to adopt such a construction of the constitution and laws of the United States affecting ambassadors and consuls. Conceding that the exemption provided in behalf of these officers, is the privilege not of the person but of the state they represent, and that the provision is founded upon considerations of public policy, yet I cannot conceive that it is necessary, in giving effect to this provision, to violate the rule that the question of jurisdiction is to be determined by the state of things existing at the time the suit was commenced.

The case of *Maunhardt* v. *Soderstrom,* (1 *Binney,* 138,) was much relied upon in support of the motion.   But I cannot

Koppel *v.* Heinrichs.

regard that case as an authority to sustain the position assumed on behalf of the defendants. There the defendant, who was the consul general of the king of Sweden, accompanied his plea with a protestation that " at and before the time of instituting the action he was, and since that time had continued to be, and still was, consul general, &c. and that therefore the court had not jurisdiction," &c. He then made his motion to quash the proceedings. It was shown, in opposition to the motion, that in various instances the defendant had submitted to suits and executions from the state courts. Chief Justice Tilghman, in delivering the opinion of the court, said in reference to the defendant's having submitted to other suits, &c. that it was a sufficient answer to the objection that it did not *appear on the record* that the defendant was a consul, and therefore the court could take no notice of it; but that in the case then before the court, *it appearing upon the record* that the suit was against a consul, jurisdiction was taken away by the ninth section of the judiciary act. Thus it will be seen. that the case relied upon is distinguishable from that now before the court, in two essential particulars: first, that the defendant was a consul when the suit was commenced; and secondly, that the fact appeared upon the record.

Again; this suit was originally commenced in the New-York common pleas. It was removed into the supreme court by the defendant himself, who became plaintiff in error. He occupies the position of one voluntarily bringing his suit in this court for redress. Shall he be permitted, after failing in that suit, to have the proceedings declared void on the ground of his privilege as an officer of a foreign government? Jurisdiction of state courts in suits to which foreign consuls are parties, is excluded only in suits *against* them. They are still at liberty, if they choose to do so, to bring suits against other persons, in the state courts. It seems to me, therefore, that even though the defendant's appointment might have furnished sufficient grounds to arrest the proceedings in the common pleas, where he was a defendant, he does not stand in the same position in the court to which he has voluntarily and rightfully applied for

Koppel v. Heinrichs.

the purpose of correcting what he deemed an error in the court below. By thus calling upon the supreme court for its decision upon the merits of the cause commenced against him in the common pleas, he admitted its jurisdiction to make that decision; and whatever might have been his rights in the court below in respect to his appointment as consul, he should be deemed to be concluded in this court by his admission of its jurisdiction, in bringing his writ of error here.

I am also inclined to think that even if the appointment of the defendant as consul, after the suit had been commenced against him, could have been made available to deprive the state court of the jurisdiction it had acquired, yet the objection could only have been properly made by plea, or perhaps upon motion, before proceeding in the cause; and that having neglected to avail himself of his exemption before proceeding to the trial upon the merits, he precluded himself from afterwards objecting to the jurisdiction of the court. But it is unnecessary to decide this question. It is enough that when the suit was commenced, the federal courts had no jurisdiction either of the defendant or the subject matter of the suit, but that jurisdiction of both belonged exclusively to the state courts; that the suit was thus rightfully commenced in the New-York common pleas; that after the appointment of the defendant to the office by virtue of which he now claims exemption, he proceeded not only to a trial in the common pleas upon the merits, without suggesting to the court his privilege, but also brought his writ of error to the supreme court to review the decision of the common pleas. Under these circumstances, he must be deemed to be estopped from setting up his privilege in bar of the jurisdiction of the state courts, if, indeed, he ever had such right. The motion must therefore be denied, with costs.