[S. F. No. 845.   Department One.—December 30, 1898.]

# CITY STREET IMPROVEMENT COMPANY, Appellant, v. WILLIAM BABCOCK, Respondent.

STREET IMPROVEMENT—PROTEST OF MAJORITY OF OWNERS OF FRONTAGE—JURISDICTION.—Under the street improvement act as amended in 1891, where the majority of the owners of frontage of the property fronting on a proposed street improvement, within ten days after expiration of the time of publication and posting of the notice of the resolution of intention to order the work, filed their protest and objection against the doing of the work, the jurisdiction of the board to proceed with the improvement is not only suspended for six months, but cannot be again exercised without the passage and publication of a new resolution of intention to order the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

George D. Collins, for Respondent.

HARRISON, J.—Action upon a street assessment. The proceedings for the work covered by the assessment were taken under the street improvement act as amended in 1891.   Section 3 of the act (Stats. 1891, p. 196) contained the following provisions: "The owners of a majority of the frontage of the property fronting on said proposed work or improvement, where the same is for one block or more, may make a written objection to the same within ten days after the expiration of the time of the publication and posting of said notices, which objection shall be delivered to the clerk of the city council, who shall indorse thereon the date of its reception by him, and such objection, so delivered and indorsed, shall be a bar for six months to any further proceedings in relation to the doing of said work or making said improvement, unless the owners of the one-half or more of the frontage as aforesaid shall meanwhile petition for the same to be done."

In the present case, the board of supervisors passed a resolution of intention to order the work February 26, 1894, and the court finds that within ten days after the expiration of the time of the publication and posting of the notice of said resolution the owners of a majority of the frontage filed their protest and objection to the doing of said work. Without passing any other resolution of intention, the board of supervisors passed a resolution ordering the work on the twenty-second day of October, and the work for which the assessment was made was done in pursuance of proceedings taken by virtue of this order. The superior court held that the board had no jurisdiction to order the work, and that the assessment created no lien upon the land of the defendant, and gave judgment in his favor.

It is contended by the appellant that by the passage of the resolution of intention on the twenty-second of March, and the publication and posting thereof, the board acquired jurisdiction to order the work, and that its subsequent resolution ordering the work was within the jurisdiction thus acquired; that the filing of the protest had the effect to merely suspend the exercise of this jurisdiction for the period of six months, and that after this period it could order the work the same as if no protest had been filed. Section 3 of the street improvement act, as it existed prior to the amendment in 1891, contained the following provision immediately after the clause above quoted: "At or after the end of said six months, if said work so barred for six months shall not have been done, the city council may order said work to be done after republication and posting of a resolution of intention, by virtue of the proceedings already had and taken, but within like time like objections may again be filed with like effect, and so on at the expiration of each six months until the work is done"; and the appellant urges in support of his contention that the omission of this provision in the section, as amended in 1891, indicates that the legislature intended that the work might be ordered without again passing a resolution of intention therefor. We are of the opinion, however, that a contrary inference is to be drawn from the amendment. The provision in the act as it stood prior to the amendment of 1891, that after the expiration of six months the board might order the work to be done "after republication and posting of a resolu-

tion of intention," clearly shows that under that act it was not necessary to again pass a resolution of intention; that it was sufficient to republish and repost the original resolution of intention, but by the omission of this provision in the amendment of 1891 the legislature intended that such republication and reposting should not be sufficient to authorize the board to order the work to be done, but that the matter of the improvement should be again submitted to the legislative discretion and judgment of the board to determine whether upon further consideration, and in view of the objections that had been made, it was still for the public interest that the improvement should be made, and, if so, that it should be initiated by a new resolution of intention.    By filing their protest the owners of a majority of the frontage placed a veto upon "any further proceedings in relation to the doing of the work," which was absolute for six months, but at the expiration of that period the board could exercise its power to order the improvement in the same manner and by the same proceedings as it could order any other improvement.    If it had been the intention of the legislature that the power of the board to order the work was merely suspended for six months, and that at the expiration of that period it might order the work without any other proceedings, it is reasonable to believe that it would have expressed its intention in direct language to that effect, but its use of the term "bar," and its declaration that the board should not take any further proceedings "in relation to the doing of the said work," indicates that it intended more than a suspension of action, and that the further proceedings in relation to the work should be such as were required in the first instance for effecting the improvement.    The provision of the section is that the protest shall be not merely a "bar" to ordering the work, but a bar to any further proceedings "in relation to" the doing of the work, language which must include every step which is necessary to give to the board the power to order the work to be done; and it is further to be noticed that it is not a bar to further proceedings "under said resolution," but further proceedings "in relation to doing said work."    The provision for terminating the six months' veto by a petition from the owners of one-half or more of the frontage is to be read in connection with section 4

of the act, which provides that, even though the work be petitioned for by the owners of a majority of the frontage, a resolution of intention must be passed by the board, thus corroborating the conclusion that, after a sufficient protest has been filed, the work cannot be ordered without again passing a resolution of intention therefor.

The construction thus given to the act is further corroborated by the following provision in the same section: "At the expiration of ten days after the expiration of the time of said publication of said street superintendent, and at the expiration of fifteen days after the advertising and posting as aforesaid of any resolution of intention, if no written objection to the work therein described has been delivered as aforesaid by the owners of a majority of the property liable to be assessed for the expense of said work or improvement, the city council shall be deemed to have acquired jurisdiction to order any work to be done or improvement to be made which is authorized by this act." The declaration that the board shall be deemed to have acquired jurisdiction to order the work, "if no written objection to the work therein described has been delivered," necessarily imports that, if such protest has been filed, jurisdiction shall not be deemed to have been acquired.

The judgment and order denying a new trial are affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.