(25 Misc. Rep. 722.)

### HEDDEN v. NEDERBURG.

(Supreme Court, Appellate Term. January 23, 1899.)

TENANT—SUMMARY PROCEEDING FOR REMOVAL.

Laws 1882, c. 303, provides that no monthly tenant shall hereafter be removed in New York City for holding over, unless the term expires on May 1st, without service of a certain prescribed notice. Held, that an order for removal in a summary proceeding against a tenant holding over could not be made without proof of such service, his term not expiring on May 1st.

Appeal from municipal court, borough of Manhattan, Eighth district.

Proceedings for the summary removal of a tenant by Thomas B. Hedden against Samuel Nederburg. From a final order for his removal, the tenant appeals. Reversed, and new trial ordered.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Joseph Wilkenfeld, for appellant.
Julius Henry Cohen, for respondent.

BEEKMAN, P. J. This proceeding was instituted for the removal of a monthly tenant on the ground that he was holding over his term. The petition, among other averments, alleged that "at least five days before the expiration of the term aforesaid, there was served upon said tenant, in the same manner in which a summons in summary proceedings is now allowed to be served by law, a notice in writing that the said landlord elected to terminate the said tenancy, and that, unless the said tenant removed from said premises on or before the day on which such term expired, the landlord would commence summary proceedings under the statute to

remove such tenant therefrom." This allegation was an essential one. Chapter 303, Laws 1882. The appellant interposed an answer, which, among other things, denied each and every allegation in the petition contained. Upon the trial, there was an utter absence of any competent proof of the fact that the notice referred to in the petition had been served upon the tenant, either within the time or in the manner prescribed by statute and alleged in the petition. The attention of the court below was called to this fact, and a motion was made to dismiss the proceeding for failure of proof on this point, which motion was denied, and the ruling of the court in that regard was excepted to. These proceedings are statutory, and must be strictly followed. Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217. As the error thus committed was a substantial one, proof upon the point in question being absolutely necessary to sustain a judgment in favor of the landlord, the final order in favor of the latter must be reversed.

Order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.