(27 Misc. Rep. 225.)

### BRIEN v. ROMANO.

(Supreme Court, Appellate Term. April 21, 1899.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS.

Where the petition in summary proceedings sets forth the service of the
statutory notice to terminate the tenancy, and the answer is a general
denial except of the landlord's ownership, a final order for the landlord is
reversible, where there is no evidence of the service of the notice.

Appeal from municipal court, borough of Manhattan, Tenth district.

Summary proceedings by Henry Brien against Guiseppe Romano.
From a final order for the landlord, the tenant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Martin Wechsler, for appellant.
Richard B. Kelly, for respondent.

LEVENTRITT, J. The landlord instituted summary proceedings
against the tenant, alleging that he was holding over on a monthly
tenancy. The petition, besides reciting the customary facts, sets
forth that the statutory notice in writing, to the effect that the landlord elected to terminate the tenancy, had been duly served on the
tenant five days before the expiration of the alleged term. The answer denied every allegation of the petition, except that the respondent was the landlord of the premises. At the trial, no proof
whatever was offered of the service of this notice. This defect of
proof has in this court but recently been held to constitute substantial
and reversible error (Hedden v. Nederburg [Sup.] 55 N. Y. Supp. 613);
and, following that and kindred decisions (Tolman v. Hoading, 11
App. Div. 264, 42 N. Y. Supp. 217; Beach v. Bainbridge, 7 Hun, 81;
Posson v. Dean, 8 Civ. Proc. R. 177), we must reverse the order.

Order reversed, and a new trial ordered, with costs to the appellant
to abide the event. All concur.