## PACIFIC PAVING COMPANY v. REYNOLDS et al.

### S. F. No. 1556; September 14, 1900.

#### 62 Pac. 212.

**Street Improvements.**—Within Ten Days After the Expiration of the Time for the publication and posting of the resolution of intention to order a street improvement, the owners of a majority of the property abutting on the proposed work made their written objection to the same, and delivered it to the clerk of the board of supervisors, who indorsed thereon the date of its reception. No other resolution or action of the board was taken, but after six months from the filing of such protest it passed a resolution ordering the work to be done. Held, that the board of supervisors had no jurisdiction to order the work.[1]

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by the Pacific Paving Company against Reynolds and others on a street assessment. From a judgment in favor of plaintiff defendants appeal. Reversed.

Sullivan & Sullivan for appellants; Gunnison, Booth & Barnett for respondent.

PER CURIAM.—Action upon a street assessment. Judgment was rendered in favor of the plaintiff, and the defendants have appealed therefrom. Within ten days after the expiration of the time for the publication and posting of the resolution of intention to order the work, the owners of a majority of the property fronting upon the proposed work made and delivered to the clerk of the board of supervisors their written objection to the same, and he thereupon indorsed thereon the date of its reception by him. No other resolution or action of the board was taken, but after the expiration of six months from the date of filing of said protest it passed a resolution ordering the work to be done. Under the prin-

---

[1] Cited and followed in Thomason v. Carroll, 132 Cal. 149, 64 Pac. 263, where the point is gone into and explained quite elaborately.

Cited and followed in Pacific Paving Co. v. Gallett, 137 Cal. 176, 69 Pac. 986, where the court says the case before it cannot be distinguished from Thomason v. Carroll, 132 Cal. 149, 64 Pac. 263.

ciples declared in City Street Improvement Co. v. Babcock, 123 Cal. 205, 55 Pac. 762, the board of supervisors did not have any jurisdiction to order the work to be done, and upon the authority of that case the judgment is reversed.