### SIMMONS v. POPE et al.

(Supreme Court, Appellate Term. November 18, 1903.)

1. LANDLORD AND TENANT—LEASE—TERMINATION—SUBTENANCY—NOTICE TO QUIT.

Where, after the surrender of a lease, the landlord induced one of the tenants to continue to collect rent from defendant, a sublessee, in order to conceal from the latter his purpose of tearing down the building, and to preserve the tenancy as long as possible, the landlord thereby accepted defendant as his tenant, which tenancy was only terminable on service of the statutory five days' notice to quit.

Appeal from Municipal Court, Borough of Manhattan, Second District

Action by Charles H. Simmons against Michael E. Pope and others. From a Municipal Court judgment in favor of plaintiff, defendant Sbarrie appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Jacob S. Strahl, for appellant.
Stephen O'Brien, for respondent.

BISCHOFF, J. The appellant was an undertenant of a portion of the premises; his tenancy being from month to month, according to the most favorable view of the landlord's case. In March, 1903, the principal lease was surrendered, but one of the principal tenants continued to collect the rents from undertenants, at the landlord's request, and as his agent. The landlord's purpose, as expressed in his letter to the agent, was to conceal from the undertenants the proposed tearing down of the building, and thus to preserve the tenancy as long as possible. Upon the evidence, there can

be no room for dispute that the landlord, in legal effect, accepted the tenancy of this appellant, and that this tenancy was terminable only by service of the statutory five days' notice. The acceptance of monthly rent from the tenant in occupation was prima facie proof of the relation of landlord and tenant (Morris v. Niles, 12 Abb. Prac. 103; 7 McAdam on L. & T. § 31) and for a monthly tenancy (Id. § 39). There is nothing to rebut the inference of a tenancy as thus arising, and the landlord's writings, following the surrender of the principal lease, confirm the existence of this tenancy.

A paper described as a notice to quit was offered in evidence for the landlord, after proof of service upon the tenant, but was for some reason excluded; and the record is destitute of proof that the notice essential to the termination of the monthly tenancy (Brien v. Romano, 27 Misc. Rep. 225, 57 N. Y. Supp. 750) was in fact given. The evidence submitted to the jury, therefore, could not justify the verdict, and the motion to dismiss upon this particular ground should have been granted.

Final order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.