### SIMMONS v. PEPE et al.

#### (Supreme Court, Appellate Term. May 5, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—JURISDICTION.
    Where summary proceedings are instituted against a tenant holding over, the jurisdiction of the justice depends on the relation and situation of the parties on the date of the expiration of the lease, and is not affected by a subsequent change of situation, such as a demolition of the leased building.

2. APPEAL—REVERSAL—RIGHT TO RETRIAL—QUESTION OF COSTS.
    Where, in summary proceedings against a tenant holding over, a final order for the landlord was reversed on appeal and a new trial was ordered, with "costs to appellant to abide the event," the landlord had a right to insist that the issues be retried, and it was error to dismiss the

cause, though events subsequent to the first trial had rendered it impossible to execute a warrant of possession.

Appeal from Municipal Court, Borough of Manhattan, Second District.

, Summary proceedings by Charles H. Simmons against Michael E. Pepe and others. From a final order dismissing the proceedings, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

John J. Freschi, for appellant.
Sigmund Wechsler, for respondents.

LEVENTRITT, J. This was the usual statutory proceeding to obtain possession of premises upon the ground that the undertenant held over after the expiration of his term, which it was claimed had expired on June 1, 1903. Issue was joined, and a trial by jury had, resulting in a verdict in favor of the landlord, on which a final order was made awarding him possession of the premises. On appeal this court reversed the lower court, on the ground that under the facts of the case the tenancy was terminable only on five days' notice, and that this had not been given. The decision of this court was: "Final order reversed, and new trial ordered, with costs to appellant to abide the event." 84 N. Y. Supp. 973. The proceedings having been remitted .to the court below for a retrial, a motion was made on behalf of the undertenant to dismiss, on the ground that, the building having been demolished and removed since the previous trial, the court was without jurisdiction to try the issues. The justice granted the motion, and entered a final order of dismissal, with costs of the previous appeal and the dismissal. The landlord appeals.

It was incumbent on the court to retry the issues. There is no question but that the court had jurisdiction when the proceedings were instituted. The issue the justice was directed to retry was whether the landlord was, on the 1st day of June, 1903, entitled to the possession of the premises. With what transpired thereafter the justice had nothing to do. Jurisdiction depends upon the state of things when the action is brought, and cannot be ousted by subsequent events. Koppel v. Heinrichs, 1 Barb. 449. Substantial costs are involved. If it be found that the landlord was entitled to possession as of the 1st day of June, 1903, the costs of the appeal cannot be awarded against him. He has a right to insist that the issues be tried. See Ferris v. Tannebaum (Com. Pl.) 15 N. Y. Supp. 295; Gabay v. Doane, 77 App. Div. 417, 79 N. Y. Supp. 312; Wisner v. Ocumpaugh, 71 N. Y. 113. Certain rights and liabilities flow from the determination of the issue between the parties, and these exist irrespective of the question whether or not the warrant can be executed.

The final order must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.