**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY WISEMAN,

      Petitioner-Appellee,

v.

MICHAEL CODY, Warden, Lexington
Correctional Center; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellants.

No. 98-7047
(D.C. No. 92-CV-677-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **BRISCOE**, Circuit Judge, and **McWILLIAMS**, Senior
Circuit Judge.

On October 16, 1992, Billy Wiseman, a state prisoner, brought a federal habeas

corpus action against his custodian, Michael Cody, Warden, and the Attorney General of

the State of Oklahoma, in the United States District Court for the Western District of

Oklahoma pursuant to 28 U.S.C. § 2254.  On October 26, 1992, the case was transferred

to the United States District Court for the Eastern District of Oklahoma.  An evidentiary

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

hearing was held before a United States Magistrate Judge on May 28, 1997, and on March 9, 1998, the district court approved the findings and recommendation of the magistrate. In so doing, the district court ordered as follows: "If the State of Oklahoma has granted the petitioner an appeal out of time and provided him assistance of counsel within sixty (60) days of the date of this order, the petitioner's writ will be denied; otherwise, it will be granted." Cody and the Oklahoma Attorney General's office appeal the order and judgment thus entered. The background out of which the present controversy arises is involved but must be summarized in some detail if the appeal is to be fully understood.

In 1982, Wiseman, then a 19-year-old with a ninth grade education, was charged in a state district court in Johnston County, Oklahoma, in two counts with robbery with a dangerous weapon after two prior felony convictions, and in the second count with assault and battery with an intent to kill after two prior felony convictions. An attorney, Burl Peveto, was appointed by the court to represent Wiseman. Pursuant to a plea agreement between Wiseman and his attorney, and the state district attorney, Wiseman entered a plea of guilty to both counts of the indictment on October 26, 1983. On that date, Wiseman filed with the court a "Petition to Enter a Plea of Guilty," which provided in paragraph 18 thereof that the district attorney would recommend to the court that Wiseman be given a 30-year sentence on each of the two counts in the indictment, to be served concurrently

with sentences imposed in other cases against Wiseman.[1]

On December 8, 1983, Wiseman appeared in court for sentencing. At that time, Burl Peveto did not appear with Wiseman, and, as will later be developed, Peveto could not explain just why he did not appear, thinking he might have been "in a trial in California or in federal court in Tulsa." In any event, it would appear that the district court then appointed Thomas Purcell, an attorney appearing in court for another person who was not related to the Wiseman indictment, to represent Wiseman. After conferring for a few minutes with Purcell, Wiseman was sentenced to life imprisonment on each count, to run concurrently with other sentences involving Wiseman. It would appear that at the moment of sentencing, neither Purcell nor the judge were aware of the prior plea agreement between Wiseman and the state district attorney, and there is nothing in the record to indicate that the district attorney at the court hearing when Wiseman entered a plea of guilty, or later at the sentencing hearing, verbally recommended to the court a 30-year sentence on each count.[2]

After the hearing, according to Wiseman, he advised Purcell that he believed he

---

[1]The "blanks" on the printed "Petition to Enter a Plea of Guilty" form were filled in by Peveto and the petition was then signed by Wiseman and Richard A. Miller, an assistant district attorney. In the petition, in response to a printed inquiry, Wiseman stated that he understood that even though he had pleaded guilty, he could still appeal the punishment imposed. A copy of this petition is a part of the record on appeal.

[2]A copy of a transcript of the proceedings when Wiseman pled guilty and when he was sentenced is not in the record on appeal. It would appear that the reporter's notes are no longer available.

was going to receive a 30-year sentence, and not a life sentence, and that Purcell, in response, had stated that "[h]e would take care of it" and that he "needed to tell Peveto what went on." And, according to Wiseman, that was the last time he talked to Purcell. Purcell, in his testimony before the magistrate in the federal habeas corpus proceeding, stated that he recalled being present at Wiseman's sentencing, but didn't recall much else about the matter. In any event, no motion to withdraw Wiseman's plea of guilty was filed, nor was an appeal taken.

After sentencing, Wiseman was immediately remanded, without objection, to the Oklahoma Department of Corrections. It would appear that thereafter Wiseman wrote several letters of inquiry about his case to the public defender's office, asking about the status of his appeal.[3] On March 3, 1986, Wiseman filed in the district court for Johnston County, Oklahoma, a pro se application for post-conviction relief, seeking to appeal his conviction out of time because of the failure of his trial counsel to perfect an appeal. In connection therewith, Wiseman stated that he believed he had been deprived of "[t]he right to an appeal of my conviction due to my lawyer's failure to file my appeal." In this same regard, Wiseman added "[d]ue to my lawyer's gross neglect, my appeal was not filed. He stated to me an appeal would be filed, but failed to do so. Ineffective counsel

---

[3]At the evidentiary hearing on his federal habeas corpus claim before a magistrate judge, letters from the public defender's office in response to Wiseman's inquiries were introduced into evidence and they indicated that their office could not find that any appeal was ever filed.

has deprived me of my appeal under due process." Five years later, on October 18, 1991, a district judge denied Wiseman's application for post-conviction relief. In so doing, the district court explained the delay by stating that there had been a "change of administrations," and that the application was "undecided and remained unknown to the successors in office until December of 1990."

In denying Wiseman's application, the state district court noted that Wiseman made no application to withdraw his plea of guilty until his application for post-conviction relief was filed some two and a half years after sentencing, that he had failed to show any basis for relief, that he fully understood his rights and voluntarily pled guilty. On January 10, 1992, the Oklahoma Court of Criminal Appeals affirmed the district court's denial of Wiseman's application for post-conviction relief, noting that Wiseman had failed to file a direct appeal of his conviction, and that post-conviction relief provided by 22 O.S. 1981, § 1080 was not a substitute for direct appeal. Wiseman then sought federal habeas corpus relief.

As above stated, Wiseman's pro se petition for federal habeas corpus was filed on October 16, 1992. On June 18, 1993, the district court for the Eastern District of Oklahoma denied Wiseman's pro se petition for habeas corpus on the grounds that it contained "unexhausted grounds for relief," and dismissed the action. On appeal, this court in an unpublished order and judgment affirmed the district court's order. *Wiseman v. Cody*, No. 93-7074 (10th Cir. Feb. 7, 1994). In so doing, we noted that Wiseman in his

petition raised three issues: (1) ineffective assistance of trial and appellate counsel in that counsel failed to file an appeal; (2) the Oklahoma Court of Criminal Appeals improperly denied him a right to an out-of-time appeal; and (3) double jeopardy. On appeal, we held that, though Wiseman had "successfully exhausted his ineffective assistance of counsel" issues, i.e., issues l and 2, he had not exhausted his state remedies as to his claim of double jeopardy. Accordingly, we stated that, on remand, Wiseman had a "choice" of returning to state court for resolution of his double jeopardy claim or amending his petition for habeas corpus to present "only the exhausted claims" of ineffective assistance of counsel. On remand, Wiseman elected to amend his petition to include only his exhausted claims of ineffective assistance of counsel. The matter was then referred to the magistrate judge for an evidentiary hearing.

As stated, an evidentiary hearing was held before a United States Magistrate Judge on May 28, 1997. At that hearing, Wiseman, the petitioner, testified in his own behalf. At the conclusion of his examination, and cross-examination, Wiseman's counsel rested his case. The respondents, Cody and the Oklahoma Attorney General, then called as their witnesses Burl Peveto, the attorney who represented Wiseman when he pled guilty, but then failed to appear at sentencing, and Thomas Purcell, the attorney who was appointed to represent Wiseman at sentencing when Peveto did not appear. The gist of their testimony appears in the summarization set forth above and need not be repeated here.

On January 16, 1998, the Honorable James H. Payne, the magistrate judge who conducted the evidentiary hearing, filed his "Findings and Recommendation." In his findings, the magistrate judge noted that attorney Purcell had not sought to withdraw Wiseman's plea of guilty nor filed a timely appeal. The judge then generally observed that where a state prisoner has defaulted his federal claims in a state court pursuant to an independent and adequate procedural state rule, federal habeas corpus review of such claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as the result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice, citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The magistrate judge then went on to find that, in the instant case, Wiseman had shown "cause and prejudice," holding that the performance of Messrs. Peveto and Purcell fell well below the level guaranteed by the Sixth Amendment. The magistrate judge then recommended that the case be held in abeyance for no longer then 60 days during which time the State of Oklahoma may grant, "by whatever procedure it deems appropriate, an appeal out of time and provide him assistance of counsel," and that if Wiseman is granted an appeal out of time, the habeas corpus action would be dismissed. However, the magistrate judge went on to state that if Wiseman should not be granted an out of time appeal within 60 days, "the writ should issue releasing petitioner." As already stated, the district court on March 6, 1998, by order, affirmed and adopted the findings of the magistrate judge and ordered that, if

- 7 -

Wiseman was given an out of time appeal by the State of Oklahoma within 60 days, the petition would be denied, "otherwise it will be granted."

The essential historical facts are not in dispute: (1) A "Petition to Enter a Plea of Guilty," which included, *inter alia,* a provision that the district attorney would recommend to the District Court of Johnston County, Oklahoma that Wiseman be given a 30-year sentence on each count of a two-count indictment to be served concurrently with other sentences Wiseman was then serving, was signed by Wiseman and an assistant district attorney and filed with the district court;[4] (2) Wiseman's plea of guilty to both counts of the two-count indictment was accepted by the district court at a hearing where Wiseman was represented by Burl Peveto, an attorney who had been appointed by the district court to represent Wiseman; (3) six weeks later when Wiseman was sentenced by the district court pursuant to his plea of guilty, Peveto was unexplainably not present;[5] (4) the district court then appointed Thomas Purcell, an attorney who was appearing in that particular courtroom on another matter unrelated to Wiseman's case, to represent Wiseman; (5) after a brief conference between Wiseman and Purcell lasting

---

[4]In paragraph 18 of the petition, Wiseman stated that "I have been told that the District Attorney will recommend 30 years to run concurrent with sentences imposed in CRF-82-60 and 83-24." Whether the district attorney ever followed through on his promise to recommend a 30-year sentence does not appear in the record before us. Perhaps, it appears in the presentence report, but that is not in the record either. That there are "gaps" in the record is not surprising, considering the lapse of time.

[5]Peveto had not conferred with Wiseman at any time after Wiseman had, pursuant to the plea agreement, pled guilty.

about five to ten minutes, Wiseman was sentenced to two life sentences; (6) immediately after sentencing, Wiseman advised Purcell that pursuant to his plea agreement he thought he was going to be sentenced to 30 years on each count, not to a life sentence on each count; (7) Purcell said he would look into the matter and check with Peveto, and Wiseman never heard from Purcell again; (8) no direct appeal was ever taken by Purcell or Peveto; (9) two and a half years later Wiseman filed a pro se motion for post-conviction relief in the District Court for Johnston County, Oklahoma, which motion was denied, after a five-year delay; and (10) the Oklahoma Court of Criminal Appeals thereafter affirmed the district court's denial of Wiseman's application for post-conviction relief. It was in this setting that Wiseman, some nine years after his sentencing, filed a federal habeas corpus action.

The respondent's basic position in this court is that because of his "default" in Oklahoma state court, Wiseman is "barred" from federal habeas corpus relief based on his claim of ineffective assistance of counsel. We do not agree.

In *Coleman v. Thompson,* 501 U.S. at 750, the Supreme Court spoke as follows:

> We will now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred <u>unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law,</u> or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. (Emphasis added.)

As concerns a claim of ineffective assistance of counsel, in *Strickland v.*

- 9 -

*Washington,* 466 U.S. 668, 687-8 (1984), the Supreme Court spoke as follows:

III

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

A

As all the Federal Courts of Appeals have now held, the proper standard for attorney performance is that of reasonably effective assistance. See *Trapnell v. United States,* 725 F.2d, at 151-152. The Court indirectly recognized as much when it stated in *McMann v. Richardson, supra,* 397 U.S., at 770, 771, 90 S.Ct., at 1448, 1449, that a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." See also *Cuyler v. Sullivan, supra,* 446 U.S., at 344, 100 S.Ct., at 1716. When a convicted defendant complains of the infectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

By adopting the findings of the magistrate judge, the district court, in effect, found that Wiseman, having shown cause and prejudice, was not procedurally barred from raising his claim of ineffective assistance of counsel in federal court. In this

regard, we stated in *Hardiman v. Reynolds,* 971 F.2d 500, 505 (10ᵗʰ Cir. 1992) that

"constitutionally ineffective counsel constitutes cause" for a state procedural default.[6]

As concerns the "prejudice" prong, the magistrate judge concluded, and the district

court agreed, that the "obvious prejudice to petitioner was that his plea agreement was

not considered at sentencing, and he received the maximum sentences for the offenses."

We agree.  The difference between a 30-year sentence and a life sentence is not, in our

view, *de minimis.*  At least the sentencing judge, in imposing sentence, should have

been aware that the plea of guilty was conditioned on a recommendation by the district

attorney that Wiseman receive a 30-year sentence.  There is nothing in the present

record to indicate that such was the case.

The key issue is, of course, whether Wiseman was afforded his Sixth Amendment

right to assistance of counsel.  The district court held that Wiseman was not afforded

that right.  The record supports such determination.  Counsel who negotiated the plea

agreement with the district attorney didn't even show up at the sentencing hearing.  If

---

[6]Neither the magistrate judge nor the district court addressed the question of whether any "state default" by Wiseman was "pursuant to an independent and adequate state procedural rule."  Rather, both concluded that Wiseman had shown "cause" for any default and "actual prejudice" resulting therefrom.  We elect to review this question of whether there was a state default which would bar federal habeas corpus relief on the basis it was resolved by the trial court, i.e., "cause" and "prejudice."  However, in this connection, *see Hickman v. Spears,* 160 F.3d 1269, 1271-72 (10ᵗʰ Cir. 1998); *Brewer v. Reynolds,* 5l F.3d 1519, 1522 (10ᵗʰ Cir. 1995); *Breechen v. Reynolds,* 41 F. 3d 1343, 1363-64 (10ᵗʰ Cir. 1994).

Peveto had been in attendance, a "reasonably effective" attorney would have exercised his right of allocution, and after having made certain that the district attorney had, in fact, recommended a 30-year sentence, would then have urged the district court to follow that recommendation. But Peveto was not present and the district court then appointed an attorney who knew nothing about the case to represent Wiseman at sentencing, and after a brief conference lasting a few minutes, Wiseman was sentenced to two life sentences. The fact that they were to be served concurrently, and not consecutively, is, contrary to a suggestion by counsel, of little solace! Then newly appointed counsel, after being advised that Wiseman thought he was going to receive a 30-year sentence under the plea agreement, did not pursue the matter, -- i.e., no motion to withdraw the plea of guilty, and no appeal. All of which, in our view, adds up to ineffective assistance of counsel on the part of both Peveto and Purcell. In this regard, it would appear, as previously noted, that neither Purcell nor the sentencing judge, who apparently was the judge who accepted Wiseman's petition to plead guilty, was aware of the fact that the district attorney in the plea agreement agreed to recommend a 30-year sentence. In sum, under the authorities above cited, the record supports the court's determination that Wiseman was denied his constitutional right to counsel and accordingly was entitled to

§ 2254 relief.

The respondents also argue that the remedy ordered by the federal district court is

improper since Wiseman has never moved to withdraw his plea of guilty, and that under Oklahoma law a defendant may not appeal a sentence imposed on a plea of guilty unless he has previously moved to withdraw his plea. In thus arguing, the respondents cite the Oklahoma Court of Criminal Appeals Rule 4.2(A), 22 O.S.A. Ch. 18, App. and *Banks v. Oklahoma,* 953 P.2d 344 (1998). We are not persuaded.

In our view the federal district court on the record before it could have simply issued the writ and ordered Cody and the Attorney General's office to release Wiseman from custody on the two life sentences with which we are here concerned. However, the district court, in the spirit of comity no doubt, entered an order that the Oklahoma courts be given the opportunity to grant Wiseman an out of time appeal and provide him with the assistance of counsel. The Oklahoma courts may well order that Wiseman be allowed to file an out of time motion to withdraw his plea of guilty, if that be necessary. However, in this regard we do note that counsel for Wiseman at oral argument before this court indicated that he really did not want to withdraw Wiseman's plea of guilty. Rather, Wiseman's attorney stated that all he wanted was that Wiseman be resentenced by a judge who was aware that Wiseman pleaded guilty pursuant to a plea bargain with the district attorney wherein the latter promised to recommend a 30-year sentence, as contrasted to a life sentence, the maximum under the statute. In line with the judgment of the district court in the instant case, if the Oklahoma courts grant an out of time appeal and look into this matter, the petition should be denied, and the action dismissed

without prejudice. If the Oklahoma courts, for one reason or another, do not grant an appeal out of time, and do not otherwise proceed, the writ should issue and Wiseman should be released from custody for the two life sentences here involved. In *Baker v. Kaiser,* 929 F.2d at 1501, we indicated our approval of an order similar to the present one, i.e., if Oklahoma grants, "by whatever procedure it deems appropriate," an out of time appeal within 90 days, the petition shall be dismissed, but if the state fails to grant the appeal, the "writ shall issue releasing petitioner."

As noted, there are "gaps" in the record before us, which is not surprising in view of the fact that the case has its genesis in 1982. That there are "gaps," of course, permits concern, concern that there may be an innocuous scenario. Perhaps, for example, the district court, in fact, rejected the "recommendation" of the district attorney, and Wiseman thereafter persisted in a plea of guilty and was lawfully sentenced within the statutory limits. However, there is nothing in the present record which suggests such.[7] And, importantly, at the evidentiary hearing before the magistrate, the respondents called only two witnesses, Peveto and Purcell. Their testimony, standing alone, in our view, amply supports the magistrate's proposed finding that there was a plea bargain and that thereafter Wiseman was not afforded his Sixth Amendment right to assistance

---

[7] In like fashion, we reject respondents' suggestion that there never was a plea bargain between Wiseman and the district attorney and that his plea of guilty was in fact a "blind" plea. The evidence on that matter is all to the contrary, and the magistrate so found.

of counsel.  The district court "affirmed and adopted" all of the magistrate's findings. The record supports such, and therefore we now affirm.

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge