CITY STREET IMPROVEMENT COMPANY v. BAB-
COCK.*

S. F. No. 2002; March 24, 1902.

68 Pac. 584.

Street Improvement.—In an Action on a Street Assessment,
the court found that the board of supervisors did not duly pass a
resolution ordering the work to be done, instead of finding the facts
from which it might appear that the resolution was not duly passed.
Held, sufficient.

Street Improvement—Objection.—The Street Improvement Act
requires (Stats. 1891, p. 196, sec. 3) that a written objection, intended
to delay proceedings for an improvement, and required to be made
within a specified time, "shall be delivered to the clerk of the city
council who shall indorse thereon the date of its reception by him."
Held, that the efficacy of such objection was dependent as much on
the indorsement authenticated by the clerk's signature as on the
delivery thereof, and that mere delivery was not enough.

APPEAL from Superior Court, City and County of San
Francisco; J. M. Seawell, Judge.

Action on a street assessment by the City Street Improve-
ment Company against William Babcock. From a judg-
ment for defendant and from an order denying a new trial
plaintiff appeals. Reversed.

J. C. Bates for appellant; Geo. D. Collins for respondent.

HARRISON, J.—The complaint alleges that on October
22, 1894, the board of supervisors "duly made and passed"
a resolution ordering the work to be done, and also contains
allegations of the subsequent proceedings up to and includ-
ing the recording in the office of the superintendent of the
return upon the warrant and assessment. The answer de-
nies that the board of supervisors duly made and passed the
resolution ordering the work, and also denies various other
allegations of the complaint. The court finds that the board
did not duly make or pass any resolution ordering the work.
The appellant contends that this finding is insufficient; that,

*For subsequent opinion in bank, see 139 Cal. 690, 73 Pac. 666.

instead thereof, the court should have found the facts from which it might appear that the resolution was not duly passed. In Pacific Paving Co. v. Bolton, 97 Cal. 8, 31 Pac. 625, it was held that, under section 456 of the Code of Civil Procedure, an allegation of the ordering of the work in this form was sufficient. That section also provides: "If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction." It does not follow, however, that in making its finding upon this issue the court must find those facts. The findings should be of the ultimate facts pleaded, not of the probative facts: McCarthy v. Brown, 113 Cal. 15, 45 Pac. 14. The ultimate fact to be found is the jurisdiction of the board to pass the resolution. The finding that the board did not duly pass the resolution is equivalent to a finding of that ultimate fact. If the evidence is insufficient to sustain such finding, the particular facts of such insufficiency can be specified in the statement upon a motion for a new trial.

The court also found that on February 26, 1894, the board of supervisors passed a resolution of its intention to order the work, but that, within ten days after the publication and posting of a notice thereof, the owners of a majority of the frontage of the property fronting thereon delivered written objections to the same to the clerk of the board, who thereupon indorsed thereon the date of its reception by him, and that the said board thereafter sustained the said objections. This finding is challenged by the appellant as not sustained by the evidence. A document containing objections to the improvement, purporting to be signed by the owners of a majority of the frontage liable to be assessed therefor, was introduced in evidence on the part of the defendants, bearing the indorsement "Clerk's Office. Filed Mar. 5, 1894. San Francisco, Cal. Board of Supervisors." The superscription upon the document was not signed or authenticated in any manner, nor was it shown by whom the indorsement was made. It was, however, shown that at a meeting of the board of supervisors on March 5th this paper was read and referred to the street committee; that that committee afterward reported that the protest contained therein was a bar for six months to any further proceedings in relation to the performance of the work, and that on March 12th this report was read at a meet-

ing of the board of supervisors, and adopted as the action of the board.

Under the provisions of the street improvement act, if a majority of the owners of the frontage properly present a protest against the improvement, the board of supervisors has no jurisdiction to order the work, except upon the subsequent passage of another resolution of intention after the expiration of six months from the presentation of such protest: City Street Improvement Co. v. Babcock, 123 Cal. 205, 55 Pac. 762. The provisions upon this subject are contained in section 3 of the act, and are as follows: ''The owners of a majority of the frontage of the property fronting on said proposed work or improvement, where the same is for one block or more, may make a written objection to the same within ten days after the expiration of the time of the publication and posting of said notice, which objection shall be delivered to the clerk of the city council, who shall indorse thereon the date of its reception by him, and such objections so delivered and indorsed, shall be a bar for six months to any further proceedings in relation to the doing of said work, or making said improvement'': Stats. 1891, p. 196. The respondent contends that these provisions of the section were complied with in the present case; that the delivery of the protest at the office of the clerk of the board of supervisors constituted a filing thereof, and operated as a bar to any further proceedings under the previous resolution of intention, and that the evidence thereof sustains the finding of the court. On the other hand, the appellant contends that, as the section requires that the protest must be not only delivered to the clerk, but also that he must ''indorse thereon the date of its reception by him,'' the mere delivery to him is not enough; that the indorsement required must be made by him and authenticated by his signature; and that unless these acts are all performed, the protest does not become effective.

The entire proceeding for the improvement of a street is of statutory creation, and whatever acts the statute requires to be performed within any designated time, or in any prescribed form, must be performed within that time and in that manner, in order that they may have the effect which the statute prescribes for them. Originally the filing of a paper consisted in having the proper officer put it upon the string—filum—on which the other papers in the proceeding

were placed.  In modern days it is usually held that a paper
is filed on the part of the party who is required to file it
when he has presented it at the proper office and left it with
the person in charge thereof (Tregambo v. Mining Co., 57
Cal. 501), and paid the fees for filing, if any are required
(Boyd v. Burrel, 60 Cal. 280).  The subsequent omission of
the officer to make any indorsement thereon will not preju-
dice his rights.  It is, however, the duty of the officer to
whom the paper is delivered to indorse thereon the date of
its reception, and to authenticate the same by his official
signature.  Thereupon the filing is completed: Burrill, Law
Dict., "File"; Holman v. Chevaillier's Admr., 14 Tex. 337.
In order, however, that there may be no dispute as to the
sufficiency of the filing of a protest, the street improvement
act provides, in express terms, that, not only shall the own-
ers deliver the protest to the clerk, but also that that officer
shall indorse upon it the date of its reception by him.  Un-
less the objections are "so delivered and indorsed by him,"
the proceedings for the improvement are not barred.  The
purpose of this provision is apparent—to make the date at
which the objections were delivered to the clerk a matter of
record, so that, upon a mere inspection thereof, it may be
seen whether they were delivered in time, and that the time
at which they were delivered shall not be left to be deter-
mined upon the varying recollections of witnesses; and, as
in the case of all records, unless the indorsement is authenti-
cated by the officer, it does not become a "record."  This
rule was laid down at a very early day in this state in the
following terms: "To become a record, it must be the official
act of the officer authorized to make it.  To become his act,
it must have his signature.  Until signed it is the act of no
one, and is as valueless for any purpose as an unsigned deed
or sheriff's return.  The only difference between that which
is record and that which is not is the official stamp or authen-
ticity which the former bears upon its face.  The former
proves itself; the latter does not.  The former proves itself
because it bears the stamp of an officer of the law acting
under the solemnities of an oath, or at least of official duty;
and it is the official stamp, and nothing else, which makes
it record": Himmelman v. Danos, 35 Cal. 441.  See, also,
Dougherty v. Hitchcock, 35 Cal. 512.  As the object of filing

the protest is that it may become a matter of record, it must be authenticated as fully as any other record. The filing of a document which is not to be transcribed into the formal records of the office must bear the official indorsement òf the officer in whose custody it is placed; otherwise it does not become a matter of official record. If it be merely marked with the date of its reception, such indorsement is not only without any official sanction, but resort must be had to parol evidence to determine by whom the indorsement was written. It must be held, therefore, that the above finding of the court was without sufficient evidence to sustain it.

The subsequent action of the supervisors in determining that the protest was sufficient to bar the proceedings was of no effect. Until the protest had been properly filed, the board had no jurisdiction to pass upon its sufficiency. Unless there had been a proper protest against the work, the subsequent action of the board in ordering the work was within the jurisdiction acquired under the resolution of intention passed February 26th, and the court erred in holding that the order was not duly passed.

The judgment and order denying a new trial are reversed.

We concur: Garoutte, J.; Van Dyke, J.