The STATE of Oklahoma ex rel. Andrew M. COATS, District Attorney Oklahoma County, Petitioner,

v.

The Honorable Stewart M. HUNTER, District Judge for the Seventh Judicial District of the State of Oklahoma, Respondent.

No. O-78-238.

Court of Criminal Appeals of Oklahoma.

June 8, 1978.

## ORDER GRANTING WRIT OF PROHIBITION

On April 26, 1978, Stewart M. Hunter, District Judge of Oklahoma County, Oklahoma, ordered that Jerry Lewis Thomas' application for post-conviction relief, Case No. 27984, be treated as a class action and that the class be comprised of:

"[A]ll male persons now or hereafter to come within the actual physical custody of the Oklahoma Department of Corrections (and its subordinate prisons, institutions, and similar confinement facilities) who from August 28, 1938 (being the date of the promulgation of the decision, and Syllabus 2 thereof, of *Wilson v. State,* 65 Okl.Cr. 10, 82 P.2d 308) were convicted as adults for misconduct committed at age(s) 16 and/or 17 years, and for which misconduct they were never certified to stand trial as adults by prior order of a juvenile judge."

As the result of that order, this Court now has four petitions before it. The District Attorney of Oklahoma County, Oklahoma has filed an application to assume original jurisdiction, seeking a writ of mandamus. In the alternative it seeks a writ of prohibition against the respondent. Finally, the District Attorney has made an application to stay proceedings in the case. The respondent has filed a motion to dismiss petitioner's application to assume original jurisdiction and its application for original relief on the grounds that the proper remedy for reviewing an order declaring a class action is by appeal and not by extraordinary writ, that the Supreme Court and not the Court of Criminal Appeals is vested with appellate jurisdiction over class action matters, and finally that the State's remedies within the District Court have not yet been exhausted.

The respondent urges that the recent amendment to 12 O.S.1971, § 993, specifies

conditions under which class actions can be filed, gives him authority to declare a class in an application for post-conviction relief. He states that Thomas' action is more properly an application for a writ of habeas corpus and that habeas corpus is traditionally a civil remedy. Therefore, the action should be governed by Oklahoma's law on civil procedure.

Federal Rules of Civil Procedure No. 81(a)(2), provides that the Rules of Federal Procedure are applicable to actions in habeas corpus to the extent that the practice in habeas corpus proceedings is not set out in statutes of the United States and to the extent that it has previously conformed to the practice in civil actions. That Rule does not mean, however, that all the federal rules of civil procedure are applicable in federal habeas corpus actions. See *Harris v. Nelson,* 394 U.S. 286, 294, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). Nor does it mean that civil procedural rules are applicable in Oklahoma post-conviction proceedings. Under Oklahoma's bifurcated court system, the traditional right to writs of habeas corpus in criminal cases has been incorporated into and amplified by Oklahoma's Post-Conviction Relief Act, 22 O.S.1971, § 1080 et seq., and is therefore considered to be a criminal action. In Oklahoma, unless otherwise specified, the rules of criminal procedure and not the rules of civil procedure govern criminal proceedings. We hold therefore that Thomas' sole method of challenging his conviction in Oklahoma is under the Post-Conviction Procedure Act, and that Oklahoma's law governing civil procedure, including the law of class actions, is not applicable in such proceedings. Furthermore, we hold that under 22 O.S.1971, § 1081, the District Court of Oklahoma County, has jurisdiction to entertain such an action only over those convicted felons whose judgments and sentences were imposed in this district.

Therefore, we issue the writ of prohibition, prohibiting the respondent from treating Thomas' application for post-conviction relief as a class action. Nothing in this Order should be construed, however, to prevent the District Court from considering Thomas' individual application on its merits.

For the above and foregoing reasons, this Court assumes original jurisdiction, respondent's motion to dismiss petitioner's application is overruled, and the writ of prohibition is GRANTED.

SO ORDERED.

> HEZ J. BUSSEY, P. J.
> TOM R. CORNISH, J.
> TOM BRETT, J.