1998 OK CR 5

Walter **BANKS**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC 95–138.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1998.

## ORDER DENYING POST–CONVICTION APPEAL OUT OF TIME

¶1 The Petitioner, Walter Banks, filed the above-styled appeal from an order of the District Court of Tulsa County denying his application for post-conviction relief in Case No. CRF–79–3393. This post-conviction appeal was dismissed by this Court because it was not filed within the time periods prescribed by the Oklahoma Statutes and the Rules of this Court. *Banks v. State,* No. PC 95–138 (Okl.Cr. April 14, 1995) (not for publication).

¶2 It recently came to our attention that an order had been entered by the United States District Court for the Northern District of Oklahoma (hereinafter, the "Federal District Court"), on October 3, 1997, granting a conditional writ of habeas corpus: "[t]he writ shall issue unless, within sixty (60) days of the entry of this Order, the State of Oklahoma grants Petitioner an out-of-time appeal of the Tulsa County District Court's denial of the application for post-conviction relief, filed December 22, 1994." Also, on December 10, 1997, the Respondent, the State of Oklahoma, by and through the Attorney General, filed a motion in the above-styled proceeding asking this Court to grant a post-conviction appeal out of time. For the reasons set forth below, we decline to grant Banks a post-conviction appeal out of time.

■ ¶3 Our judicial system, and our government, are based on principles of federalism. The United States Constitution is the guiding law of the federal government and all state governments, and United States Supreme Court decisions specifically interpreting the United States Constitution are binding in all courts of every jurisdiction. However, each state has its own separate, independent constitution, government and judiciary. Oklahoma's constitution creates a judicial system which includes two courts of

last resort, the Oklahoma Supreme Court (for civil matters) and the Oklahoma Court of Criminal Appeals (for criminal matters).[1] The Legislature and these Courts may promulgate laws and rules which govern parties and practice before all Oklahoma courts. State courts are entitled to rely on these laws and rules in deciding cases. Federal courts may not second-guess a state legislature or state judicial system. Indeed, with the sole exception of the United States Supreme Court, no federal court has any appellate or supervisory authority over this Court or any other state court. If a state law, or a state court rule, does not violate the federal constitution or infringe on a federally-created right, the federal courts are bound by the state rule. The rule may differ from federal rules; it may not make sense; it may even be bad. However, absent a federal constitutional right or claim, a federal court may not review the law *de novo* and simply disagree with it. Federal courts must apply state procedural rules, no matter what they may think of them, in cases decided exclusively on those rules.

■ ¶4 In this case we are faced with the results of a failure of federalism. The Federal District Court, presented with several federally-based questions, chose instead to decide Walter Banks's federal habeas corpus case by offering its own interpretation of an Oklahoma Court of Criminal Appeals procedural rule. Worse, the Federal District Court has woefully misinterpreted both the rule in question and the relevant state law. In fact, the Federal District Court fails to discuss either the correct rule or the appropriate case law, and appears to misunderstand the relationship between this Court and the Oklahoma Supreme Court.

¶5 Practice in the Oklahoma Court of Criminal Appeals is governed by the Rules of the Court of Criminal Appeals,[2] and guidance in applying those Rules is found in cases decided by the Court of Criminal Appeals. This Court dismissed Banks's appeal from the trial court's denial of his application

1. OK Const. art. 7 §§ 1, 3, 4, 5.

2. *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1997). The Oklahoma Legislature has specifically provided this Court's Rules "will have the force of statute." 22 O.S.1991, § 1051(b).

for post-conviction because it was untimely filed. Banks's appeal was not filed "within thirty (30) days from the entry of the judgment" as required by the Oklahoma Legislature, and by Rule 5.2 which is consistent with the mandates of the Legislature and with constitutional requirements.[3] Rule 5.2(A) specifically directs parties who wish to file an appeal out of time in post-conviction proceedings to Rule 2.1(E).[4] Rather than follow this Court's Rules and request an appeal out of time, Banks filed his federal habeas petition. The Federal District Court Order recognizes our decision was based on Rule 5.2, but its reasoning focuses exclusively on the "mailbox rule" and cites Oklahoma Supreme Court cases for the interpretation of that rule.[5] This amounts to an interesting academic exercise but has no relevance to practice before this Court. Whether Banks's appeal would have been timely filed under Oklahoma Supreme Court rules or case law has no bearing on whether it was timely filed in this Court. This Court does not recognize the "mailbox rule" for criminal proceedings in Oklahoma,[6] but uses the appeal out of time procedures specified for post-conviction proceedings in Rules 5.2 and 2.1(E) if an appeal is not timely filed. As our subsequent discussion shows, Rules 5.2 and 2.1(E) violate neither the federal nor Oklahoma constitutions and are at least as fair as the "mailbox rule".

¶ 6 The procedures established for criminal proceedings in Oklahoma provide for an appeal out of time when a prisoner could not appeal or his appeal was not timely filed "through no fault of his own."[7] The protection afforded a *pro se* prisoner under this procedure is at least equal to, and in our judgment is greater than that afforded under a mere "mailbox rule". Under our appeal out of time procedure, a delay in filing the appeal or even the inability to file the appeal—for any reason, not just late mailing by prison officials—that is not the fault of the *pro se* prisoner, can result in relief. Moreover, our procedures allow the trial court to initially resolve factual disputes concerning why the appeal was not timely filed. This Court functions as an appellate court and cannot efficiently decide factual disputes.

¶ 7 As stated, the Federal District Court's attempt to force a "mailbox rule" into Oklahoma criminal proceedings seems to be a misunderstanding of Oklahoma law and a misapplication of Oklahoma Supreme Court authority. This Court has exclusive appellate jurisdiction in Oklahoma "in criminal cases."[8] Therefore, Oklahoma Supreme Court case law adopting and applying a "mailbox rule" in civil cases has no precedential effect on this Court. The Federal District Court's order cites no authority, and we have found none, which requires a state to adopt a "mailbox rule" in order to meet minimum federal or state constitutional requirements. Such rules are based upon statutory procedural requirements and not on constitutional requirements.[9] This includes the procedural requirements for an appeal

---

**3.** 22 O.S.1991, § 1087.

**4.** This Court has consistently applied the standards in *Smith v. State,* 1980 OK CR 43, ¶ 2, 611 P.2d 276, 277 (Okl.Cr.1980), to petitioners seeking an appeal out of time in a post-conviction proceeding. Those standards have been incorporated into Rule 2.1(E) by the most recent revision of this Court's Rules. *In re Revision of Portion of the Rules of the Court of Criminal Appeals of the State of Oklahoma,* 1997 OK CR 74, 68 OBJ 4024 (Okl.Cr.1997).

**5.** The Federal District Court Order cites one case from this Court which was decided in 1966, well before the current rules went into effect. *Austin v. State,* 1966 OK CR 145 ¶ 1 n.1, 419 P.2d 569, 573 n.1 (Okl.Cr.1966). This case also has no

bearing on the issue which this Court properly decided (whether Banks complied with state procedural rules) and which the Federal District Court chose to revisit.

**6.** *E.g. Behrens v. Patterson,* 1997 OK CR 76, 952 P.2d 990 (Okl.Cr.1997); *Hunnicutt v. State,* 1997 OK CR 77, 952 P.2d 988 (Okl.Cr.1997).

**7.** Rules 5.2(A) and 2.1(E), Rules, *supra; Smith,* 611 P.2d at 277.

**8.** OK Const. art. 7 § 4. *See also State ex rel. Henry v. Mahler,* 1990 OK 3, 786 P.2d 82, 85 (Okl.1990).

**9.** *E.g. Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

out of time in post-conviction proceedings specified by Rules 5.2(A) and 2.1(E).[10]

¶ 8 The Federal District Court has ordered the State of Oklahoma to grant Banks an appeal out of time or that Court will order his release. This Order was made even though Banks has not requested an appeal out of time, as required by our rules, and was based on a misunderstanding of state procedural rules. We decided Banks's original post-conviction appeal correctly: his petition did not comply with our Rules and we had no choice but to dismiss it. Banks could still request an appeal out of time under Rule 2.1(E). Our rules are fair, reasonable, and constitutional, and the Federal District Court is required to respect them rather than rewrite them. The Federal District Court has not yet decided any federal issue which Banks has raised. Banks has been convicted of murder and is currently incarcerated under a valid, final state conviction. He has not sought or obtained a post-conviction appeal out of time from this Court by following state procedures available to him. We do not question the authority of the Federal District Court to order the release of any prisoner whose federal constitutional rights have been violated (indeed, although we might disagree with it, we would fully support such an Order), but we seriously question the wisdom and propriety of that court ordering the release of a convicted murderer based solely on a misinterpretation of state procedural rules. We must insist that our rules are followed consistently. If Banks applies for an appeal out of time under Rule 2.1(E), we will consider the merits of his request as we would any other case. Until he properly makes that application, we decline to grant him an appeal out of time.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

**10.** If the Federal District Court had certified a question to this Court, the proper state procedure could have been explained. See 20 O.S. 1991, § 1601 *et seq.*