2001 OK CR 8

**James Alvin MOORE, III, Petitioner,**

v.

**Gary E. GIBSON, Respondent.**

**No. O 2001–30.**

Court of Criminal Appeals of Oklahoma.

April 4, 2001.

### OPINION ANSWERING CERTIFIED QUESTION OF LAW

LILE, Judge:

¶ 1 Bobby R. Baldock, Presiding Judge of a three judge panel of the United States Court of Appeals for the Tenth Circuit, has certified a question of law pursuant to the Oklahoma Uniform Certification of Question of Law Act, 20 O.S.Supp.1997, §§ 1601–1611, as follows:

Okla.Stat.Ann. tit. 22 § 1081 authorizes the filing of petitions for post-conviction relief, but does not define what constitutes "filing." Federal procedural law recognizes the "prisoner mailbox rule" whereby pro-se prisoners' legal pleadings are considered filed when given to prison authorities for mailing to the appropriate court. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The Oklahoma Supreme Court held that the prisoner mailbox rule enunciated in *Houston* applies to appeals to that court. *See Woody v. State ex rel. Department of Corrections,* 833 P.2d 257, 259–60 (Okla.1992). The Oklahoma Court of Criminal Appeals subsequently rejected *Woody* and held the prisoner mailbox rule inapplicable to criminal appeals. *See Hunnicutt v. State,* 952 P.2d 988, 989 (Okla.Crim.App.1997). However, *Hunnicutt* and its progeny have not addressed the constitutional concerns underlying the holding in *Woody.* Moreover, neither *Woody* nor *Hunnicutt* addressed the applicability of the prisoner mailbox rule to *initial* filings in Oklahoma district courts. Given these ambiguities in Oklahoma law, does the prisoner mailbox rule apply to filings in Oklahoma district courts for post conviction relief made pursuant to Okla.Stat.Ann. tit. 22, § 1081?

¶ 2 The specific question before us, whether the "prisoner mailbox rule" applies to filing in Oklahoma district courts pursuant to the Post Conviction Procedure Act (hereinafter the Act), 22 O.S.1991, § 1080, can be answered by stating that the "prisoner mailbox rule" does not apply to these filings, because: (1) the clear and unambiguous language of the statute does not provide for any other means of filing; (2) the definition of "filing" means when a document is delivered to the proper court for the purpose thereof; and (3) there is no statutory time limitation for the filing of an application for post-conviction relief in a district court in Oklahoma in a non-capital case; therefore, policy considerations do not require the adoption of a "prisoner mail box rule."[1]

---

1. Specific time limitations are set forth in 22 O.S.Supp.1995, § 1089, for the filing of applications for post-conviction relief in cases in which the petitioner is under a sentence of death; however, there are no time limitations set forth for filing original or subsequent applications for

## FACTS

¶ 3 These relevant facts are taken from the order of the federal court certifying this question of law.

¶ 4 Petitioner filed a petition for a writ of habeas corpus in the federal court system concerning a non-capital case. Because his state conviction became final before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he had until April 23, 1997, to file a federal habeas petition. However, this deadline could be tolled if a state post-conviction proceeding were pending.

¶ 5 Petitioner filed, in a District Court of Oklahoma, an application for post-conviction relief which was received and file stamped on April 24, 1997, after the April 23 deadline. However, Petitioner claims that he tendered the application to prison officials on April 17, 1997, and urges this date as the effective date of filing, thereby, tolling the limitations period of the AEDPA.

## THE REVISED UNIFORM CERTIFICATION OF QUESTION OF LAW ACT

■ ¶ 6 The Uniform Certification of Question of Law Act became effective in Oklahoma on July 1, 1973. 20 O.S.Supp. 1997, § 1601. Pursuant to the Act, this Court,

> may answer a question of law certified to it by a court of the United States, or by an appellate court of another state, or of a federally recognized Indian tribal government, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.

20 O.S.Supp.1997, § 1602; *see Canady v. Reynolds,* 1994 OK CR 54, 880 P.2d 391, 393–94. This Court has the power to give the present state of the law as well as use the

opportunity to create new precedents in answering a certified question of law. *Canady,* 880 P.2d at 395. In doing so we may reformulate or re-interpret a question of law certified to this Court. *See Id.,* 20 O.S.Supp.1997, § 1602.1.

## DISCUSSION

■ ¶ 7 The question posed requires us to interpret a statute which deals exclusively with criminal procedure. The power to do so has been granted to this Court by the Oklahoma Constitution. This Court has exclusive appellate jurisdiction over criminal cases in Oklahoma. Okla. Const. art. 7, § 4; *see Banks v. State,* 1998 OK CR 5, 953 P.2d 344, 346; *see also State ex rel. Henry v. Mahler,* 1990 OK 3, 786 P.2d 82, 85. Actions brought pursuant to the Oklahoma Uniform Post Conviction Procedure Act are criminal actions. *State ex rel. Coats v. Hunter,* 1978 OK CR 57, 580 P.2d 158, 159.

■ ¶ 8 We answer the question posed by first defining the meaning of the term "filing" found in § 1081. Section 1081 of the Act provides that "[a] proceeding is commenced by filing a verified application ... with the clerk of the court imposing judgment ... [or] the clerk of the district court in the county in which ... parole or conditional release was revoked." 22 O.S.1991, § 1081.

¶ 9 The courts of this State have been consistent in their interpretation and definition of the word "filed" since statehood. In *Covington v. Fisher,* 22 Okla. 207, 97 P. 615, 615 & 617 (1908), the Oklahoma Supreme Court held that a mortgage is filed, within the meaning of the statute, when it is delivered to the proper officer, and by him received for the purpose of being recorded.

¶ 10 In *Norris v. Cross,* 25 Okla. 287, 105 P. 1000, 1003 (1909), the Court stated,

> A paper is filed when it is delivered into the actual custody of the officer designated by the statute, to be kept by him as a permanent record of his office, and the placing by the officer of his mark or in-

post-conviction applications in non-capital cases. 22 O.S.1991, §§ 1081, 1086. Therefore, an application for post-conviction relief in a non-capital case is always deemed to be timely filed.

Even if there were a time limit, and date of filing was important, our "appeal out of time" procedure would more satisfactorily protect the prisoner's rights than a mere "mail box rule."

dorsement upon such instrument is only a memorandum or evidence that the filing has been made. *Covington v. Fisher* (Okl.) [22 Okla. 207] 97 Pac. [P.] 615; *State v. Heth*, 60 Kan. 560, 57 Pac. [P.] 108; *Rathburn v. Hamilton*, 53 Kan. 470, 37 Pac. [P.] 20; *Wilkinson v. Elliott*, 43 Kan. 590, 23 Pac. [P.] 614, 19 Am.S. Rep. 158; *Jacksonville St. Ry. Co. v. Walton et al.*, 42 Fla. 54, 28 South. [So.] 59; *Oats v. State*, 153 Ind. 436, 55 N.E. 226; *Bettison v. Budd*, 21 Ark. 578.

¶ 11 In *State Nat. Bank v. Lowenstein*, 52 Okla. 259, 155 P. 1127, 1129 (1915), a garnishment proceeding, the Court held that answer by the garnishee was "filed" on the day it was delivered to the proper officer, and by him received for the purpose of being recorded. In *Reeder v. Mitchell*, 117 Okla. 21, 244 P. 773, 774 (1926) the Court stated, "a pleading is filed within the meaning of the statute when it is delivered to the proper officer for that purpose, and the neglect or mistake of such officer in indorsing the proper date thereon does not affect the rights of the parties."

¶ 12 In *Dryden v. Burkhart*, 198 Okla. 239, 177 P.2d 121, 125-26 (1946), a probate proceeding, the Court stated,

The filing contemplated by the statute, so far as the proponent is concerned, is the delivery of the record into the actual custody of the court. This accords with the generally accepted construction of the word 'filed'. *Norris v. Cross*, 25 Okl. 287, 105 P. 1000. To same effect is *City St. Imp. Co. v. Babcock*, 6 Cal.Unrep. 910, 68 P. 584, 585, wherein it is said: 'In modern days it is usually held that a paper is filed on the part of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof.'

¶ 13 In *Razorsoft, Inc. v. Maktal, Inc.*, 1995 OK CIV APP 115, 907 P.2d 1102, 1103, (Div. 1 1995), the Oklahoma Court of Civil Appeals stated that,

The file-stamp date does not always reflect the date of filing because filing means 'delivery of the instrument to the proper custodian ...' *Bruce v. Employers Casualty Company*, 897 P.2d 313, 314 (Okl.App. 1995), *citing State National Bank v. Lowenstein*, 52 Okl. 259, 155 P. 1127, 1129 (1915).

¶ 14 This Court has followed this definition of the word "filed" when construing Section 1087 of the Act by holding that an appeal to this Court of the denial of post-conviction relief is commenced by filing, with the clerk of this Court, the pleadings required to commence such an appeal. *Hunnicutt v. State*, 1997 OK CR 77, 952 P.2d 988, 989. "The delivery of such pleadings to prison officials does not substitute for such filing." *Id.*[2]

---

**2.** In *Hunnicutt*, we recognized that the Oklahoma Supreme Court had adopted the "prisoner mailbox rule" for the benefit of *pro se*, incarcerated petitioners. The Oklahoma Supreme Court held that the date when the prisoner delivered his petition to correction officials for mailing would constitute "filing" with that Court. *Woody v. State ex rel. Dep't of Corrections*, 1992 OK 45, 833 P.2d 257, 258-60.

The holding in *Woody* was based on a legislative enactment, 12 O.S.1991, § 990A, which changed the method of filing an appeal to the Oklahoma Supreme Court. Prior to the enactment of § 990A, the Supreme Court of Oklahoma did not recognize the mailbox rule in any form for the filing of appeals to that Court. *L'Aquarius v. Maynard*, 1981 OK 115, 634 P.2d 1310, 1311, *See Woody*, 833 P.2d at 258. Section 990A allowed the filing of a petition in error by certified mail and provided that the date of mailing, by certified mail, would constitute the filing date. However, because *pro se*, incarcerated petitioners did not have direct access to the post office and could not directly monitor the appeal pro-

cess, the Supreme Court expanded the Statute to hold that the date for filing would be the date a *pro se*, incarcerated prisoner delivered the petition to prison officials for forwarding to the Clerk of the Supreme Court. The Court specifically stated that, "After the enactment of § 990A, a rule other than the mailbox rule for incarcerated *pro se* prisoners would interject a degree of arbitrariness which could sabotage equal protection and equal access to the courts."

We found, in *Hunnicutt*, that Section 1087 of the Act had no provision for the filing of a petition in this Court by certified mail; therefore, we declined to adopt the "prisoner mailbox rule." Instead of a "prisoner mail box rule," this Court recognized the means by which a petitioner could have access to this Court if he felt that he was denied an appeal by the late filing of pleadings with this Court. *Id.* at 990. Rules 2.1(E) and 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2000).

When a petitioner files an application for post-conviction relief requesting an appeal out of time

¶ 15 Next, we must look to the language of Section 1081 to determine whether the legislature intended a different meaning for the term "filing" used in that section. The intent of the legislature is clear from the unambiguous language of the statute.

¶ 16 A proceeding is commenced by filing an application with the clerk of the court. This language was written at a time when the term "filing" had been defined by judicial opinion. Therefore, we find that the term "filing" found in Section 1081 is intended to mean when a proper petition is delivered to the proper court.

¶ 17 Lastly, it is important for this Court to determine whether the failure to follow a "prisoner mailbox rule" deprives a petitioner of equal access to the courts, despite the clear language of the statute. We find that the policy justifications of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), are absent in Oklahoma.[3] The policy reasons which support the adoption of a "prisoner mailbox rule" are only relevant when time limitations exist and when other means of redress are unavailable. There are no such time limitations for the filing of an application for post-conviction relief in a district court in Oklahoma.

¶ 18 Therefore, it is unnecessary for a *pro se*, incarcerated petitioner to monitor the state post-conviction application to see that it is filed in a timely manner. When it is properly filed in the district court, it may be reviewed on the merits by the district court despite the date of filing.[4] Therefore, a *pro se*, incarcerated petitioner would not be denied access to the courts of Oklahoma absent a "prisoner mailbox rule."

¶ 19 Our holding would not be different even if time of filing were important. In *Banks v. State*, 1998 OK CR 5, ¶ 5, 953 P.2d 344, 346, we reiterated our holding in *Hunnicutt*, that the "prisoner mailbox rule" does not apply to appeals of the denial of post-conviction applications. This Court reasoned that this Court has exclusive appellate jurisdiction in criminal cases in Oklahoma and that this Court was not bound by the Oklahoma Supreme Court decision which adopted a "prisoner mailbox rule." We also reasoned that it was not shown that the mailbox rule adopted by the Oklahoma Supreme Court was mandated by federal constitutional law nor by the Oklahoma Constitution in the context of the *Hunnicutt* decision. *Banks*, 953 P.2d at 346.

¶ 20 In *Banks*, this Court explained that our "appeal out of time" procedure afforded a *pro se* prisoner more protection than that afforded by a mere "mailbox rule." *Id.* Under this procedure, a delay in filing an appeal through no fault of the *pro se* petitioner can be remedied. *Id.* This includes, but is not limited to, mailing delays by prison officials. *Id.* Under this procedure, the trial court has the ability to resolve factual disputes concerning why an appeal was not timely filed. *Id.*

¶ 21 The Oklahoma Supreme Court's decision in *Woody v. State ex rel. Dep't of Corrections*, 1992 OK 45, 833 P.2d 257, is not binding on this Court. However, that decision gives support to our decision here. The Court specifically stated that its holding was based on the enactment of 12 O.S.1991, 990A, which allowed for filing by certified mail and which is applicable only in civil matters. Only then did the Oklahoma Supreme Court recognize the "prisoner mailbox rule." It is clear that only when the definition of "filing" has been changed by legislation has an Oklahoma court recognized the mailbox rule for the benefit of *pro se*, incarcerated petitioners. Prior to the enactment of § 990A, the Oklahoma Supreme Court refused to adopt the mailbox rule. *L'Aquarius v. Maynard*, 1981 OK 115, 634 P.2d 1310, 1311, *see Woody*, 833 P.2d at 258

and showing how he was denied an appeal through no fault of his own, the district court shall rule on the application by order, either recommending or denying that petitioner be granted an appeal out of time. *Hunnicutt*, 952 P.2d at 990; Rules 2.1(E) and 5.2(A). The petitioner may then file, with this Court, an application for an appeal out of time with a certified copy of the district court's order attached to it. *Id.*

3. See *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir.2000) (plain and unambiguous language of the statute prevails; no time limits on the filing of a state habeas petition).

4. This is not to say that the district court should ignore other procedural bars and waiver issues present in such an action.

¶ 22 There is little doubt that, but for the enactment of § 990A, the result in *Woody* would have followed the holding of *L'Aquarius*. Because the legislature provided for the filing of a petition in error in the Oklahoma Supreme Court by certified mail, the Supreme Court felt that it was necessary to expand the term "filing" to mean when a *pro se* incarcerated petitioner gives the petition to prison officials for forwarding to the Clerk of the Supreme Court. *See Woody*, 833 P.2d at 260. Based on this analysis we find no ambiguity in Oklahoma law.

¶ 23 This Court's "appeal out of time" procedure balances the field and allows a petitioner an avenue of redress when his appeal is not timely filed with this Court, whether it be by a delay in mailing or any other reason, not the fault of the petitioner.

### ANSWER

¶ 24 The term "filed" found in Section 1081 of Oklahoma's Uniform Post Conviction Procedure Act means when a properly verified application for post-conviction relief is delivered to the proper district court clerk for the purpose of filing. The "mailbox rule" does not apply. We find that this holding is not contrary to relevant constitutional provisions.

LUMPKIN, P.J., JOHNSON, V.P.J., CHAPEL, J., STRUBHAR, J., concur.