**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE TRAYLOR,

　　　　　Petitioner - Appellant,

　　v.

JAMES L. SAFFLE; RONNIE WARD;
and GARY GIBSON,

　　　　　Respondents - Appellees.

No. 01-7010

(D.C. No. 99-CV-519-B)

(E. D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.　See Fed. R. App. P. 34(f).　The case is therefore submitted without

oral argument.

Lee Traylor, a prisoner in the custody of the Oklahoma Department of

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.　The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

Corrections proceeding pro se, appeals the district court's dismissal of his amended petition for habeas corpus. Applying 28 U.S.C. § 2244(d), the district court concluded that Mr. Traylor's claims were time-barred. After reviewing the parties' supplemental briefs and exhibits concerning Mr. Traylor's post-conviction claims in state court, we agree with the district court that Mr. Traylor's amended petition is time-barred. [1]

## I. BACKGROUND

In the district court proceedings, Mr. Traylor alleged that the respondents refused to calculate his sentence in accordance with the Truth in Sentencing Act, 1997 Okla. Sess. Laws ch. 133, House Bill 1213. Mr. Traylor also challenged the denial of earned credits before he was released on parole.

In denying the petition, the district court reasoned that the factual predicate for Mr. Traylor's claims became available, at the latest, on July 1, 1997, the effective date of the Truth in Sentencing Act. The court noted that Mr. Traylor did not file the instant petition until September 28, 1999, well beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Additionally, the court concluded that the provision tolling the statute of

---

[1] Mr. Traylor's motion to file a supplemental brief, filed with this court on February 14, 2002, is GRANTED.

2

limitations period during the pendency of state post-conviction proceedings, 28 U.S.C. § 2244(d)(2), did not render Mr. Traylor's claims timely. Mr. Traylor, the court observed, had asserted that he had exhausted his state court remedies when the Oklahoma Court of Criminal Appeals (the "OCCA") issued an order denying a motion for a writ of mandamus on August 13, 1998. The district court concluded that, because Mr. Traylor's petition in the instant federal case was still filed more than a year after the OCCA's August 13, 1998 decision, Mr. Traylor's petition was untimely.

From our initial review of the record, we were unable to determine during what period Mr. Traylor had a post-conviction proceeding pending in state court. We were concerned that the August 13, 1998 decision of the OCCA might not have terminated the state court proceedings. We therefore granted Mr. Traylor's application for a certificate of appealability on the following questions: (1) whether the one-year statute of limitations set forth in § 2244(d) was tolled by the pendency of post-conviction proceedings filed by Mr. Traylor; and (2) whether, in light of such tolling, Mr. Traylor's petition in the instant case was timely. We also ordered the respondents to file a brief on these questions and directed the parties to jointly supplement the record with the pleadings in the state post-conviction proceedings filed by Mr. Traylor.

In response to our order, the respondents have filed a brief and have

3

submitted the record from the state court proceedings. That record indicates that, on March 30, 1998, Mr. Traylor filed an action in the District Court for Pittsburg County, Oklahoma challenging the determination of his sentence. On May 22, 1998, Mr. Traylor filed a motion for default judgment. The Pittsburg County court denied that motion, and Mr. Traylor then filed a motion for a writ of mandamus in the OCCA. On August 13, 1998, the OCCA issued an order denying that motion. Finally, on May 13, 1999, the Pittsburg County Court issued an order dismissing Mr. Traylor's claims "due to the failure of Plaintiff to obtain service of process in a timely manner." See Respondents' Mem. Br., Ex. C., at 4 (Minute Order, filed May 13, 1999).

## II. DISCUSSION

The primary issue before us is whether Mr. Traylor's state post-conviction actions were pending for a sufficient period of time to render his federal habeas petition timely. In order to resolve that issue, we must apply 28 U.S.C. § 2244(d).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> . . . .
>
> (D) the date on which the factual predicate of the

4

claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Emphasis added).

The United States Supreme Court has held that, under § 2244(d)(2):

an application is properly filed when its delivery and acceptance are in compliance with the applicable law and rules governing filings. These [laws and rules] usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, "in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." Id. at 9.

This circuit has interpreted another important component of the tolling provision in § 2244: when a "properly filed" post-conviction application is "pending." We have held that such an application is pending "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir.

5

1999). An application is "pending" during the statutory grace period for filing an appeal, even if the petitioner fails to appeal during this period. See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000).

Here, as the district court noted, the factual predicate for Mr. Traylor's claims became available, at the latest, on July 1, 1997, the effective date of the Oklahoma Truth in Sentencing Act. Thus, under § 2244(d)(1), Mr. Traylor had only a year from that date to file his federal habeas petition, absent a tolling of the limitations period.

The supplemental record indicates that the Pittsburg County case was filed with that court on March 30, 1998 and was finally resolved on May 13, 1999, when the Pittsburg County Court issued an order dismissing Mr. Traylor's claims for failure to obtain service of process. See Respondents' Mem. Br., Ex. C, at 4 (Minute Order, filed May 13, 1999). Accordingly, pursuant to § 2244(d)(2), the one-year statute of limitations period was tolled from March 30, 1998 until June 12, 1999 (i.e., thirty days after the dismissal of the Pittsburg County case, at the expiration of the time to appeal that dismissal). See Moore v. Gibson, 250 F.3d 1295, 1298 (10th Cir. 2001) (noting that under Oklahoma's post-conviction procedure, an application for post-conviction relief is "filed" when the application "'is delivered to the proper district court clerk for the purpose of filing'") (quoting Moore v. Gibson, no. O 2001-30, 2001 WL 321989 (Okla. Crim. App.

6

Apr. 4, 2001)); Gibson v. Klinger, 232 F.3d at 804 (holding that an application is "pending" during the statutory grace period for filing an appeal, even if the petitioner fails to appeal during this period).

Even after tolling the § 2244 statute of limitations period for the period from March 30, 1998 until June 12, 1999, we conclude that Mr. Traylor's federal habeas petition was still untimely. In particular, we note that the factual predicate of Mr. Traylor's claim could have been discovered, at the latest, on July 1, 1997, when the Oklahoma legislature passed the Truth in Sentencing Act. The one year statute of limitations continued to run for a period of nine months, until March 30, 1998, when Mr. Traylor filed the Pittsburg County case. Although the statute was tolled from March 30, 1998 until June 12, 1999, it began to run again after that date. At that point (because nine months had elapsed from the passage of the Truth in Sentencing Act until Mr. Traylor filed the Pittsburg County case on March 30, 1998), only three months remained until the statute of limitations expired. However, Mr. Traylor did not file the instant petition until September 28, 1999—more than three months after June 12, 1999. Therefore, Mr. Traylor's habeas petition was untimely. [2]

---

[2] The respondents note that Mr. Traylor filed another case in Pittsburg County in 1999 and that the Oklahoma Supreme Court entered an order in that case on October 2, 2000. However, the 1999 case was filed in November of that year, after the statute of limitations had already expired. See Rec. doc.15, attach.

(continued...)

7

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Traylor's habeas petition as untimely. [3]

Entered for the Court,

Robert H. Henry

Circuit Judge

---

[2](...continued)
C (Petitioner's Supplemental Br., filed Feb. 18, 2000). As a result, the 1999 case has no tolling effect.

[3] In light of our disposition of this case on statute of limitations grounds, we DENY Mr. Traylor's Motion for Hearing on The Merits.