F I L E D
United States Court of Appeals
Tenth Circuit

OCT 19 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEVERLY BERNICE HALL,

       Petitioner-Appellant,

v.

RON J. WARD, ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents-Appellees.

No. 04-5049

(N.D. Oklahoma)

(D.C. No. CV-03-59-H(J))

---

**ORDER**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Beverly Hall, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of her 28 U.S.C. § 2254 habeas petition. We deny her request for a COA and dismiss this matter.

Ms. Hall entered a plea of guilty on one court of first degree manslaughter after former conviction of a felony, and one count of unauthorized use of a motor vehicle. She was sentenced to thirty years on the manslaughter charge and ten years on the vehicle charge, to be served concurrently. Ms. Hall filed a timely

motion to withdraw her plea in state court, which was denied. On April 21, 2001, the Oklahoma Court of Criminal Appeals denied her petition for certiorari.

Ms. Hall filed an application in the state district court for post-conviction relief on July 16, 2002. The district court denied this petition on October 4, 2002 and the Oklahoma Court of Criminal Appeals affirmed the denial on January 9, 2003.

Ms. Hall filed her § 2254 petition on January 15, 2003, asserting ineffective assistance of trial and appellate counsel, and actual innocence. The district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1) and found that equitable tolling did not excuse its untimeliness.

We review de novo the district court's denial of a habeas petition based on § 2244(d), reviewing a district court's findings of fact for clear error. *Burger v. Scott*, 317 F.3d 1133, 1137-38 (10th Cir. 2003). "[W]e review the district court's decision on equitable tolling of the limitations period [, however,] for an abuse of discretion." *Id.* at 1138. Because Ms. Hall is proceeding pro se, we construe her pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Where, as here, a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the petitioner demonstrates "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Congress has "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). By statute, the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," *see id.* § 2244(d)(2), and may also in rare circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (discussing the limited circumstances in which equitable tolling may be warranted and noting that "[s]imple excusable neglect is not sufficient").

We agree with the district court's conclusion that under § 2244(d), Ms. Hall filed her habeas petition after the expiration of the one-year statute of limitations. Ms. Hall's conviction became final on July 11, 2001, after the 90-day time period for filing a petition for a writ of certiorari in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result,

the one-year limitation clock started to run on July 11, 2001. Absent a tolling event, Ms. Hall was therefore required to file her habeas petition on or before July 11, 2002, for the petition to be timely. Because Ms. Hall did not seek post-conviction relief until after July 11, 2002, no tolling event occurred.

Ms. Hall contends that, with the application of the prisoner mailbox rule announced in *Houston v. Lack*, 487 U.S. 266 (1988), her application for post-conviction relief was actually filed on either July 11 or July 12, 2002. We agree with the district court that the prisoner mailbox rule does not apply to Oklahoma's state post-conviction filings. *See Moore v. Gibson*, 27 P.3d 483 (Okla Ct. Crim. App. 2001). We therefore reject Ms. Hall's argument.

Ms. Hall also sought equitable tolling before the district court. Equitable tolling is appropriate only "when an inmate diligently pursues h[er] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond h[er] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (emphasis added). Ms. Hall claims she is actually innocent and that her innocence should toll AEDPA's one-year limitations period.

> [W]e have limited equitable tolling of the one-year limitations period to "rare and exceptional" circumstances. Therefore, *[e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent*, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.

*Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (emphasis added) (citation omitted).

To demonstrate actual innocence before the district court, a petitioner must establish that "'it is more likely than not that no reasonable juror would have convicted h[er] in light of the new evidence.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To support her claim of actual innocence, Ms. Hall offers her ineffective assistance of counsel claim, contends there was no factual basis for the plea, and reiterates her demand for a trial by jury. We have reviewed the entire record, the district court's order, and the brief on appeal. We agree with the district court's conclusion that Ms. Hall is not entitled to equitable tolling.

### III. CONCLUSION

We conclude that the district court correctly dismissed Ms. Hall's habeas petition as untimely. We determine that Ms. Hall has failed to raise a debatable issue, and therefore we DENY her request for a COA, and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge