**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANTHONY H. WARNICK,

     Petitioner - Appellant,

v.

STEVEN HARPE, *

     Respondent - Appellee.

No. 22-5042
(D.C. No. 4:21-CV-00478-GKF-SH)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*\*
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Petitioner Anthony H. Warnick, an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to challenge the district court's dismissal of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus as untimely under 28 U.S.C.

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Scott Crow is replaced by Steven Harpe as the Director of the Oklahoma Department of Corrections, effective October 13, 2022.

\*\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Warnick is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

§ 2244(d)(1). Because the district court's procedural ruling is not debatable, we deny a COA and dismiss this matter.

## I.     BACKGROUND

On August 9, 2017, an Oklahoma state court convicted Mr. Warnick of one count of possessing child pornography and sentenced him to thirty-five years in prison. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence on November 8, 2018. Mr. Warnick did not file a petition for writ of certiorari in the United States Supreme Court. On July 27, 2020, Mr. Warnick filed an application for post-conviction relief in state court arguing the Oklahoma state court lacked jurisdiction to convict him.[2] The state court denied his application and the OCCA affirmed.

On November 1, 2021, Mr. Warnick filed a 28 U.S.C. § 2254 petition in the United States District Court for the Northern District of Oklahoma, arguing the Oklahoma state court lacked subject matter jurisdiction to convict him based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The Director of the Oklahoma Department of Corrections filed a motion to dismiss the petition as untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Mr. Warnick opposed the motion and argued his § 2254 petition was timely because "issues of jurisdiction can be raised at any time, AEDPA notwithstanding." *Id.* at 117. Mr. Warnick then filed a motion for leave to file a supplemental response to the motion to dismiss,

---

[2] Oklahoma does not follow a "prisoner mailbox rule" for applications for post-conviction relief. *Moore v. Gibson*, 27 P.3d 483, 487 (Okla. 2001). Instead, these applications are considered "filed" under the Post-Conviction Procedure Act, Section 1080 et seq. of Title 22, "when a proper petition is delivered to the proper court." *Id.*

stating he planned to "file information pertinent to his Application and Response which should greatly assist th[e] [c]ourt in the matter." ROA at 129. Without waiting for the district court to rule on his motion, Mr. Warnick filed a supplemental response, which included as an exhibit a letter from his state appellate counsel advising that he could raise a jurisdictional issue at any time during his state proceedings.

The district court granted the Director's motion and dismissed Mr. Warnick's § 2254 petition as untimely because it was not filed within one year of his conviction becoming final. Because Mr. Warnick filed the supplemental response without leave and could have advanced the supplemental arguments in his response to the motion to dismiss, the district court ordered it to be stricken from the record. Finally, the district court declined to issue a COA. Mr. Warnick now seeks a COA in this court.

## II.    DISCUSSION

Mr. Warnick must "seek a COA to obtain appellate review of the dismissal of his habeas petition." *Slack v. McDaniel*, 529 U.S. 473, 482 (10th Cir. 2000). Because the district court denied his petition on procedural grounds, Mr. Warnick must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" to receive a COA. *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further." *Id.* Because the district court was correct to dismiss Mr. Warnick's petition as untimely, "no appeal [is] warranted." *Id.*

AEDPA establishes a one-year limitations period for a person in state custody to file a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This limitations period begins to run from the latest of four possible accrual dates. *Id.* Here, the relevant one-year limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* § 2244(d)(1)(A). Because Mr. Warnick did not file a certiorari petition with the United States Supreme Court, his conviction became final on February 6, 2019. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (noting state prisoners have ninety days to file a petition for a writ of certiorari). AEDPA's limitations period began to run the next day and expired one year later, on February 7, 2020. *See id*. Mr. Warnick did not file his § 2254 petition until November 1, 2021.[3]

---

[3] In his COA request, Mr. Warnick briefly argues the one-year limitations period should have been tolled pursuant to 28 U.S.C. § 2244(b)(2)(B)(i). Because this section applies only in "second or successive habeas corpus application[s]," we construe his argument to be seeking equitable tolling of 28 U.S.C § 2244(d)(1)(A). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mr. Warnick maintains that by "striking from the record the [s]upplemental brief, the [d]istrict [c]ourt could evade" his tolling argument. COA Request at 6. In Mr. Warnick's stricken supplemental brief, he argued he had diligently pursued his federal habeas claim because his state appellate counsel advised him that in the context of his direct appeal he could raise a jurisdictional issue at any time. ROA at 156. Even if the district court had considered this information, it would not have advanced Mr. Warnick's due diligence argument where his state appellate counsel was providing advice only as to state court proceedings and not in the context of a federal habeas petition. Accordingly, even considering the letter in Mr. Warnick's

4

In his COA request, Mr. Warnick raises two arguments to demonstrate the district court's timeliness determination was debatable or wrong. First, Mr. Warnick argues AEDPA's one-year limitations period does not apply to jurisdictional challenges. He contends that because subject matter jurisdiction challenges can be raised at any time, his § 2254 petition based on the state trial court's lack of jurisdiction under *McGirt* is not time barred by AEDPA's statute of limitations. We have rejected this argument in several unpublished orders, concluding that a challenge to the convicting court's jurisdiction is a due process claim and, "as with any other habeas claim, . . . is subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished); *see also Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (rejecting a state prisoner's argument that AEDPA time limitations do not apply to his habeas petition because the state court lacked jurisdiction to convict him); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished) (denying a COA challenging the district court's dismissal of an untimely habeas petition challenging the convicting court's jurisdiction).[4] We have explained that a petitioner's challenge to the convicting court's jurisdiction is considered a due process challenge and is subject to AEDPA's one-year limitations period. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (explaining "[a]bsence of jurisdiction in the convicting court is. . .a

---

supplemental response, he has not demonstrated reasonable jurists could debate whether he was entitled to tolling on his § 2254 petition.

[4] We cite these unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

basis for federal habeas corpus relief cognizable under the due process clause"); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time barred under AEDPA). The district court's conclusion that AEDPA's one-year statute of limitations applied to Mr. Warnick's habeas petition challenging the state court's subject matter jurisdiction was neither "debatable [n]or wrong." *Slack*, 529 U.S. at 484.

Second, Mr. Warnick argues his state judgment could not be "final" because it was "void" where the state court lacked the jurisdiction to convict him. We disagree. A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A); *see also Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012) ("[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired."). Whether or not the state court had subject matter jurisdiction, its judgment became final on February 7, 2019. Mr. Warnick did not file his § 2254 petition until over a year later, on November 1, 2021. Thus, the district court was correct to dismiss it as time barred.[5] Reasonable jurists "could not

---

[5] While Mr. Warnick does not argue AEDPA's limitations period should be statutorily tolled, it is worth noting that his state court application for post-conviction relief did not toll the limitations period because he filed it after the one-year limitations period had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Nor did *McGirt* establish a new constitutional right that would trigger a new date for the limitations period. *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022) ("*McGirt* announced no new constitutional right.").

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

## III.    CONCLUSION

For these reasons, we DENY Mr. Warnick's application for a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge